UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                              Case No. 12-20843

Donald Steven Reynolds,         Honorable Sean F. Cox

    Defendant.
_____/

## ORDER DISMISSING PENDING MOTIONS (DOCKET ENTRY NOS. 13, 14, & 20) WITHOUT PREJUDICE TO RE-FILING OF SAME

In this action, Defendant Donald Steven Reynolds ("Defendant") is charged with receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and § 2252A(a)(5)(B).

On January 14, 2013, this Court ordered that: 1) pretrial motions were to be filed by February 7, 2013; 2) the plea cutoff and final pretrial hearing would be held on March 8, 2013; and 3) trial would commence on March 26, 2013. Thereafter, the parties filed three motions that are currently pending before this Court.

On March 4, 2013, Defendant file a motion seeking to preclude the Government from presenting expert testimony from Special Agent Caleb Williams at trial. (Docket Entry No. 13). That motion states that "[p]ursuant to the Local Rules of the Eastern District of Michigan, Defense Counsel sought, but did not obtain concurrence from the Government concerning the requested relief." (Docket Entry No. 13 at 2). This motion asserts that the Court should exclude such expert testimony because: 1) the Government had not met its disclosure obligations under Fed. R. Crim. P. 16; and 2) the proposed testimony from Special Agent Caleb Williams is

inadmissible because it does not meet the standards set forth in *Daubert v. Merrill Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) and Fed. R. Evid. 702. The motion does not request a *Daubert* hearing.

The Government has not filed a response in opposition to this motion and the time for doing so has expired. It may be that the Government does not intend on calling Special Agent Caleb Williams as an expert witness but, if that is the case, the Court would expect the Government to file a brief so stating.

On March 7, 2013, Defendant filed a "Supplemental Motion To Exclude Government's 'Expert' Testimony At Trial." (Docket Entry No. 14). This submission states that Defendant asks the Court "to issue an order excluding 'expert' testimony of FBI Special Agent Christopher Hess regarding cell phone comparison and analysis for the reasons set forth in its [sic] previous motion pertaining to other government witnesses (Document #13), which is incorporated by reference" and for reasons set forth in the submission. (*Id.* at 1). This motion asks the Court to exclude expert testimony from Special Agent Hess because: 1) the Government has not met its disclosure requirements under Fed. R. Crim. P. 16; and 2) the proposed testimony from Special Agent Hess is inadmissible because it does not meet the standards set forth in *Daubert*. Like Defendant's prior motion, this motion does not request a *Daubert* hearing.

The Government filed a brief in opposition to Defendant's Motion seeking to exclude the testimony of Special Agent Hess on March 15, 2013. (Docket Entry No. 21). In that response, the Government acknowledged that Agent Hess had not yet completed his expert report and stated that it expected the report would be provided to Defense Counsel on March 18, 2013. (*Id.* at 3).

On March 25, 2013, Defendant filed a "Combined Reply In Support Of Its [sic] Motion In

Limine To Exclude Expert Testimony, Or In The Alternative To Request A Daubert Hearing." (Docket Entry No. 28). Defendant filed this "combined" reply brief rather than individually addressing the two motions he had filed. In addition, Defendant's reply brief – for the first time – requests a *Daubert* hearing. Defendant's reply brief also raises an additional challenge not raised in Defendant's motion – a challenge pursuant to Fed. R. Evid. 403.

On March 15, 2013, the Government filed a "Motion In Limine For A Determination That Records Qualify As Business Records Under Federal Rule Of Evidence 803(6)" (Docket Entry No. 20). That motion asks the Court for a determination, in limine, under Fed. R. Evid. 104, that certain telephone records are authentic business records within the meaning of Fed. R. Evid. 803(6).

On March 20, 2013, Defendant filed a timely brief in response to the Government's Motion in Limine. (Docket Entry No. 26). That brief states that it was filed in order to comply with the Court's March 20, 2013 deadline, but states that "Defense is unable to respond meaningfully to the Government's motion because counsel has been unable to review the voluminous data belatedly provided by the Government shortly before trial." (*Id*. at 1). Defense Counsel's brief indicates that he opposes the Government's motion, and that "Defendant reserves the right to file a supplemental response" at an unspecified later date to supplement his "abbreviated response" in opposition to the Government's motion. (*Id*. at 2).

This Court's March 18, 2013 Order required any reply brief to be filed by the Government by March 21, 2013. (Docket Entry No. 22). The Government did not file a reply brief; nor did it request an extension of time to do so.

On March 18, 2013, Defendant filed a "Motion and Brief In Support Of A Continuance" (Docket Entry no. 23), asking this Court to "grant a continuance of the trial date currently set for

Tuesday, March 26, 2013, for a period of 60 days." (*Id*. at 1). Later, on March 25, 2013, Defendant filed a "Supplemental Brief In Support Of Defendant's Motion For 60-Day Continuance." (Docket Entry No. 29).

This Court has since granted Defendant's request for a continuance (*see* Docket Entry Nos. 31 & 32). This Court's 2nd Amended Order Regarding Trial provides that, among other things: 1) all pretrial motions must be filed by April 9, 2013; 2) trial briefs shall be filed by May 17, 2013; 3) motions in limine, with attached authority, must be filed by May 24, 2013; and 4) trial will begin on June 18, 2013. (Docket Entry No. 31).

The above three motions (Docket Entry Nos. 13, 14 & 20), however, are still pending before this Court. But given the manner in which those three motions were filed and briefed, the motions are not ready for a decision by the Court. This Court shall therefore DISMISS WITHOUT PREJUDICE each of the three motions currently pending before this Court (Docket Entry Nos. 13, 14, and 20). The parties may re-file new motions if they choose to do.

Before filing any future motion in this action, however, the Court instructs *both parties* to review the following:

1. "Motions in criminal cases shall be filed in accordance with the procedures set forth in L.R. 7.1." LCrR 12.1(a).

2. Among other things, Local Rule 7.1 provides that a movant must ascertain whether the contemplated motion will be opposed and, if concurrence is not obtained, the motion "must state:" (A) "there was a conference between attorneys . . . in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought" or (B) "despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference." This Court does not consider leaving a voicemail or e-mail message, shortly before filing a motion, as satisfying the above rule.

3. Unless the Court orders otherwise, "each motion and response to a motion must be accompanied by *a single brief*. The brief may be separate from or may be contained within the motion or response." L.R. 7.1(d)(1)(A). And

     a "movant may also file a reply brief." L.R. 7.1. Parties may *not* file additional or "supplemental" briefs without leave of Court to do so; any unauthorized briefs filed without leave of this Court in the future shall be stricken.

4. Response and reply briefs may not be combined with a motion or any other request for relief; any such briefs filed in the future shall be stricken by this Court.

5. Reply briefs may not raise new arguments or issues; any reply briefs filed in the future that do so shall be stricken by this Court.

Accordingly, the Court hereby DISMISSES WITHOUT PREJUDICE each of the three motions currently pending before this Court (Docket Entry Nos. 13, 14, and 20). The parties may re-file any or all of the above motions if they choose to do.

IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: March 27, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2013, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager